Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50051 | **DATE** | 11/6/2001 |
| **CASE TITLE** | Brown vs. Melynda McCrimmon, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants' motions to strike affidavits are denied. The court lacks jurisdiction over all defendants; this matter is transferred to the United States District Court, Northern District of Mississippi.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV - 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | NOV - 7 2001 | |
| /SEC | courtroom deputy's initials | 2001 NOV -6 PM 3:31 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

ANTHONY BROWN, individually and as )
Administrator of the Estate of )
NIA BROWN, deceased, and )
DALIAH BROWN, ) No. 01 C 50051
)
      Plaintiffs, )
)
v. )
)
MELYNDA McCRIMMON, CLAUDINE )
STEVENS, GREENWOOD CHILDREN'S )
CLINIC, a corporation, TERRY )
McMILLAN, S. EVANS, E. MEEK, JR., )
EMS CLINIC OF GREENWOOD, a )
corporation, GREENWOOD LEFLORE )
HOSPITAL, a corporation, )
)
      Defendants. )

**MEMORANDUM OPINION AND ORDER**

### I. Introduction

On February 12, 2001, plaintiffs Anthony, individually and as administrator of the estate of Nia Brown, deceased, and Daliah Brown filed a multi-count, medical malpractice lawsuit against defendants Melynda McCrimmon, Claudine Stevens, Greenwood Children's Clinic, Terry McMillan, S. Evans, E. Meek, Jr., EMS Clinic of Greenwood ("EMS Clinic"), and Greenwood Leflore Hospital. Defendants McMillan, McCrimmon, Stevens, Greenwood Children's Clinic, and Greenwood Leflore Hospital have moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(3); defendants Meek, Evans, and the EMS Clinic move for dismissal pursuant to Rule 12(b)(2) only. Defendants McMillan,

Meek, Evans, and the EMS Clinic alternatively move for dismissal pursuant to 28 U.S.C. § 1406(a). The court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

## II. Facts

Plaintiffs moved to Mississippi from Rockford, Illinois in 1998. (Daliah Brown Aff., ¶ 2) On December 31, 1999, and January 1, 2000, while pregnant with Nia Brown, Daliah Brown was treated at Rockford Memorial Hospital for an infection. (Compl. Ct. I ¶ 5) She gave birth at the Greenwood Leflore Hospital in Mississippi on January 26, 2000, and Nia Brown died at the University of Mississippi Medical Center on February 13, 2000, allegedly due to defendants' negligent care. (Id. ¶¶ 6, 10)

It is apparent from the complaint that all of the allegedly negligent care and treatment defendants rendered occurred in Mississippi. McCrimmon, Stevens, McMillan, Evans, and Meek are citizens of Mississippi (Compl. ¶¶ 2, 3, 5-7), are licensed to practice medicine in Mississippi and are not licensed to practice, and do not practice, in Illinois. (McCrimmon Aff., ¶¶ 2-3; Stevens Aff., ¶¶ 2-3; McMillan Aff., ¶¶ 2-4; Evans Aff., ¶¶ 2-4) The Greenwood Children's Clinic, EMS Clinic, and the Greenwood Leflore Hospital are Mississippi corporations with their principal places of business in Mississippi. (Compl. ¶¶ 4, 8, 9)

### III. Analysis

Plaintiffs claim the court has personal jurisdiction over defendants because during the course of treating Daliah and Nia Brown, defendants requested and received Daliah's medical records from Illinois. The court finds this is insufficient to confer personal jurisdiction over defendants. A federal district court exercising diversity jurisdiction has personal jurisdiction only if a court of the state in which it sits would have such jurisdiction. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). The plaintiff has the burden of demonstrating the existence of personal jurisdiction. Id. at 1276. Jurisdiction under Illinois' long-arm statute is co-extensive with the limits of Illinois and federal constitutional limits. Id. If at all possible, the court should address the state constitutional issue first. Id. Under Illinois law, jurisdiction is to be asserted only when it is fair, just and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's actions which occurred in Illinois or which affect interests located in Illinois. Id. (quoting Rollins v. Ellwood, 565 N.E.2d 1302, 1316 (Ill. 1990)).

The court finds Illinois courts would not find it to be fair, just and reasonable to require the nonresident defendants to defend this action in Illinois, based solely on a request for

3

Daliah Brown's medical records from an Illinois hospital. See Yates v. Muir, 492 N.E.2d 1267, 1269 (Ill. 1986) (Illinois courts lacked personal jurisdiction over Kentucky attorney who was not licensed to practice in Illinois, and all legal services were performed exclusively in Kentucky); Weiden v. Benveniste, 699 N.E.2d 151, 153-54 (Ill. App. Ct. 1998) (Florida physicians' act of mailing medical report to Illinois physician and their alleged misdiagnosis in Florida resulting in injury in Illinois did not constitute sufficient minimum contacts such that they could have reasonably anticipated being haled into an Illinois court); Ballard v. Rawlins, 428 N.E.2d 532, 535 (Ill. App. Ct. 1981) (that Missouri physician called in plaintiff's prescription to an Illinois pharmacy is insufficient basis for subjecting physician to the jurisdiction of Illinois); cf. Muffo v. Forsyth, 345 N.E.2d 149, 152 (Ill. App. Ct. 1976) (mere fact that Missouri physician knew plaintiff would likely fill prescription in Illinois insufficient to establish personal jurisdiction over physician in Illinois). Even if the court were to analyze the issue under the federal due process clause, it would come to the same conclusion. See Cote v. Wadel, 796 F.2d 981, 984 (7th Cir. 1986) (handful of letters and phone calls between Wisconsin resident and Michigan law firm insufficient to establish personal jurisdiction over law firm).

Defendants have also moved to strike the affidavits of Daliah and Anthony Brown, for various reasons. The court allows the affidavits, but finds them to be unpersuasive. At the center of the dispute involving the affidavits is Anthony Brown's statement that he told a nurse at EMS Clinic, sometime between July and December 1999, of plaintiffs' intent to return to Illinois. The court finds this to be irrelevant. Regardless of any future intent to return to Illinois, at the time defendants treated Daliah Brown, she was a Mississippi resident (as was her newborn daughter). Compare with Klump v. Duffus, 71 F.3d 1368, 1371-72 (7th Cir. 1995) (although plaintiff lived in North Carolina when she retained North Carolina attorney, she subsequently moved to Illinois and attorney purposefully availed himself of Illinois privileges by being in constant contact with plaintiff about lawsuit after her move), cert. denied, 518 U.S. 1004 (1996).

Plaintiffs alternatively request that the court transfer this matter to the appropriate district court in Mississippi pursuant to 28 U.S.C. § 1406(a). Plaintiffs argue the limitations period has run with respect to any claims against Greenwood Leflore Hospital due to a one-year limitations period under Mississippi law. The hospital argues it cannot be sued in federal district court but must be sued in a Mississippi state court. A district court has broad discretion to grant or deny a

motion to transfer the case. Cote, 796 F.2d at 985. Personal jurisdiction over the defendants is not a prerequisite for a district court to transfer a case under § 1406(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579 (7th Cir. 1989), cert. denied, 493 U.S. 1071 (1990). This court will transfer the case, leaving it for the parties and another court to decide whether the hospital can be sued in a federal district court in Mississippi.

## IV. Conclusion

For the reasons set forth above, defendants' motions to strike the affidavits of Anthony and Daliah Brown are denied. The court lacks personal jurisdiction; therefore, this matter is transferred to the United States District Court, Northern District of Mississippi.

E N T E R :

_____
PHILIP G. REINHARD, JUDGE
**UNITED STATES DISTRICT COURT**

DATED: _November 6, 2001_